```
MARK J. INGBER
The Ingber Law Firm
374 Millburn Avenue, Suite 301
Millburn, New Jersey 07041
Tel: (973) 921-0080
Attorney for the Plaintiff
```

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRIDENT GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STARBUZZ TOBACCO, INC. <br><br> Defendant. | Civil Action No: <br><br> **COMPLAINT** <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** <br><br> **(DEMAND FOR JURY TRIAL)** |

Plaintiff TRIDENT GROUP, LLC (hereinafter "Plaintiff") through its attorneys, complaining of Defendant, STARBUZZ TOBACCO, INC. (hereinafter "Defendant") alleges as follows:

**INTRODUCTION**

1. Plaintiff seeks declaratory judgment of non-infringement of alleged trademarks asserted against Plaintiff by Defendant.

2. Defendant has asserted that Plaintiff is infringing on Defendant's alleged trademarks by selling, distributing and advertising for sale e-liquid products bearing the name COOL MIST.

1

**PARTIES**

3.   Plaintiff is a New Jersey limited liability company with its principal place of business located at, 231 West Parkway, Pompton Plains, NJ 07444.

4.   Upon information and belief, Defendant is a California corporation with its principal place of business at 2116 W. Lincoln Avenue, Anaheim, California 92801.

**NATURE OF ACTION**

5.   This cause of action arises under the trademark laws of the United States and involves an actual controversy between the Plaintiff and Defendant.

6.   Plaintiff seeks a Declaratory Judgment of Non-Infringement of Defendant's following U.S. Federally Registered Trademarks:

a) Registration No. 3,619,407 for Defendant's asserted mark BLUE MIST in connection with pipe tobacco, tobacco, smoking tobacco, flavored tobacco, molasses tobacco, registered on May 12, 2009, by virtue of Plaintiff's mark COOL MIST as used continuously and exclusively since on or about April, 2010 in connection with flavored nicotine solutions used to refill electronic cigarette cartridges;

b) Registration No. 3,695,500 for Defendant's asserted mark CITRUS MIST in connection with pipe tobacco, molasses tobacco, tobacco, smoking tobacco, flavored tobacco, herbal molasses herbs for smoking, tobacco and tobacco substitutes, registered on October 13, 2009, by virtue of Plaintiff's mark COOL MIST as used continuously and exclusively since on or about April, 2010 in connection with flavored nicotine solutions used to refill electronic cigarette cartridges;

c) Registration No. 4,196,957 for its asserted mark TROPICAL MIST in connection with pipe tobacco, molasses, tobacco, smoking tobacco, flavored tobacco, registered on August 28, 2012, by virtue of  Plaintiff's mark COOL MIST as used continuously and exclusively since on or about April, 2010 in connection with flavored nicotine solutions used to refill electronic cigarette cartridges;

d) Registration No. 4,196,953 for Defendant's asserted mark HAWAIIAN MIST in connection with pipe tobacco, molasses, tobacco, smoking tobacco, flavored tobacco, registered on August 28, 2012, by virtue of  Plaintiff's mark COOL MIST as used continuously and exclusively since on or about April, 2010 in connection with flavored nicotine solutions used to refill electronic cigarette cartridges; and

e) Registration No. 4,287,968 for Defendant's asserted mark PEACH MIST in connection with pipe tobacco, molasses, tobacco,

smoking tobacco, flavored tobacco registered on February 12, 2013 by virtue of Plaintiff's mark COOL MIST as used continuously and exclusively since on or about April, 2010 in connection with flavored nicotine solutions used to refill electronic cigarette cartridges.

(Collectively, the "Starbuzz Registrations")

**SUBJECT MATTER JURISDICTION**

7.  Jurisdiction is founded upon the United States Code, 28 U.S.C Section 1331 relating to the adjudication of a law of the United States, specifically, 15 U.S.C. 1114 and upon 28 U.S.C. 1338(a).

8.  Jurisdiction is also founded upon the United States Code, 28 U.S.C. Section 1332(a), diversity of citizenship, because Defendant is a citizen of a foreign state and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9.  This cause of action is for a declaratory judgment of non-infringement and is founded upon the United States code, 28 U.S.C Sections 2201 and 2202.

**VENUE**

10. Venue is properly laid in this District of New Jersey pursuant to 28 U.S.C. 1391, because the claim of infringement by Defendant against Plaintiff arose in this District.

**FACTS COMMON TO ALL COUNTS**

**Plaintiff**

11. Plaintiff is a leading manufacturer and distributor of electronic cigarettes ("e-cigs"), e-liquid, vaporizers and all related components, which has been in business since at least as early as June 2009.

12. Plaintiff was founded in 2009 to provide a safe, high quality nicotine delivery system alternative to smokers and non-smokers.

13. Unlike "traditional" cigarettes, Trident's e-cigs, despite the product's name, are not cigarettes at all, as they do not contain tobacco leaves meant for combustion. Rather, they are simply nicotine delivery services.

14. For the past five (5) years without interruption, Plaintiff has expended considerable resources of both time and money in the promotion of a variety of trademarks in association with its e-cig and vaporizer business.

15. Plaintiff has been relied upon as a provider of high quality e-cigs and vaporizers for sale in retail outlets online and across the country under its numerous trademarks, including Plaintiff's mark COOL MIST Mark as used continuously and exclusively since on or about April, 2010 in connection with flavored nicotine solutions used to refill electronic cigarette cartridges.

16. Plaintiff has been relied upon as a provider of the highest quality, American made e-liquid for use in its e-cigs and vaporizers for sale in retail outlets online and across the country since 2009, under its numerous trademarks, including Plaintiff's mark COOL MIST Mark as used continuously and exclusively since on or about Apriln 2010 in connection with flavored nicotine solutions used to refill electronic cigarette cartridges.

17. Plaintiff has worked diligently to cultivate and preserve its reputation as a provider of high quality products with an understanding that confidence in these standards under its numerous trademarks, including Plaintiff's COOL MIST Mark as used continuously and exclusively since on or about April, 2010 in connection with flavored nicotine solutions used to refill electronic cigarette cartridges, is essential in continuing and promoting its services. By virtue of Plaintiff's high quality standard and reputation achieved through such standards, the

Plaintiff is well known and respected in the e-cig and vaporizer industry across the United States.

18. Plaintiff's COOL MIST Mark is symbolic of the goodwill and consumer recognition built up by Plaintiff through substantial amounts of time, effort and monies in advertising and promotion.

19. **Defendant's Activities**

20. Upon information and belief, Defendant is a provider of tobacco products and accessories.

21. Defendant has asserted that Plaintiff has practiced trademark infringement by reason of Plaintiff's use of its COOL MIST Mark.

22. Plaintiff's COOL MIST Mark and Defendant's MIST-formative marks have coexisted in the trade and marketplace for more than four (4) years, without true instances of actual confusion, and without injury or prejudice to Defendant.

23. Notwithstanding the foregoing Defendant has demanded in writing, pursuant to a March 25, 2014 letter addressed to Plaintff, that Plaintiff:

  (i)    cease and desist all use of the COOL MIST Mark;

  (ii)   destroy any labels, advertising, packaging, and any other materials that have been manufactured or printed bearing the COOL MIST Mark.

7

(iii) remove all references to the COOL MIST Mark from all of your website(s) and advertising and promotional materials;

(iv) cease and desist from all use of the COOL MIST Mark and agree not to use them or any other trademark, logo, or name which is confusingly similar thereto in the future;

(v) inform all of your customers that you are not affiliated with Starbuzz, that you had no right to use the COOL MIST Mark, and that you will no longer be using the COOL MIST Mark in the future;

(vi) destroy any and all products bearing the COOL MIST Mark;

(vii) provide an accounting of:
a. all of the revenue you have generated in connection with your use of the COOL MIST Mark;
b. the entire inventory of any and all products bearing the COOL MIST Mark, labels, advertising, packaging and/or any other materials that have ever been Manufactured by or for you bearing the COOL MIST Mark; the inventory of any and all products bearing the COOL MIST Mark, labels, advertising, packaging and/or other materials remaining in stock and being destroyed in accordance with this demand; and
c. the inventory of any and all products bearing the COOL MIST Mark distributed by you prior to the receipt of this demand.

(viii) pay Starbuzz's monetary damages and attorney's

fees for your deliberate infringement of Starbuzz's rights.

24. Defendant's March 25, 2014 letter further warns that "Starbuzz intends to vigorously protect its valuable rights to the fullest extent possible. When necessary, Starbuzz has pursued formal action to protect its rights and obtained favorable resolutions. Starbuzz is confident that it will achieve a similar result in any action against your company and its corporate officers for trademark infringement." A copy of the Defendant's letter addressed to Plaintiff's place of business in Pompton Plains, New Jersey dated March 25, 2014, is annexed hereto as Exhibit "A".

25. A review of Pacer Case Locator reveals that Defendant has initiated well over a dozen lawsuits, alleging similar trademark infringement claims, in the California Central District Court. See PACER records attached hereto as <u>Exhibit B.</u>

26. An actual controversy exists between Plaintiff and Defendant in that Defendant has alleged that Plaintiff's foregoing usage of its COOL MIST Mark is an infringement of Defendant's Starbuzz Registrations.

27. Defendant has asserted its claims and made its allegations even though: the parties have co-existed peacefully for four (4) years; the parties operate in different channels of trade; the parties' respective marks are not confusingly

9

similar; the goods and services of the parties are non-competitive and unrelated; and there is no likelihood of confusion.

WHEREFORE, Plaintiff prays for a Declaratory Judgment and Decree as follows:

A. That the Court declare the rights and legal relations of the Plaintiff and Defendant as to the controversy herein, in order that such declaration shall have the force and effect of a final judgment or decree;

B. Declaring that Plaintiff's use of its COOL MIST Mark is not an infringement of Defendant's Starbuzz Registrations;

C. Declaring Plaintiff's right to its unfettered use of its COOL MIST Mark;

D. Preliminary and permanently enjoining and restraining the Defendant, its agents, servants, attorneys and employees, and others in privity with or controlled by the Defendant, from charging and asserting, or threatening Plaintiff or any of Plaintiff's customers with the prosecution of any action based upon Plaintiff's use of Plaintiff's COOL MIST Mark, or from bringing suit or threatening to do so against any actual or potential customers of Plaintiff, and from

>    advising any customers of Plaintiff of any alleged infringement with respect to Plaintiff's COOL MIST Mark;
>
> E. Preliminarily and permanently enjoining Defendant from giving any publicity to Defendant's claim or claims of infringement;
>
> F. Awarding Plaintiff damages due to the actions of the Defendant, and additionally awarding Plaintiff costs, disbursements, and reasonable attorneys' fees;
>
> G. Such other and further relief as this Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims for relief alleged herein on which Plaintiff has a right to trial by jury.

THE INGBER LAW FIRM

Dated: April 18, 2014  
Millburn, New Jersey

s/Mark J. Ingber  
By: Mark J. Ingber, Esq.  
374 Millburn Avenue, Suite 301  
Millburn, New Jersey 07041  
Tel: (973) 921-0080  
Ingber.law@verizon.net  
Attorneys for Plaintiff

11

**L.CIV.R. 11.2 CERTIFICATION**

The matter in controversy is not the subject of any other action pending in any other Court, or any pending arbitration or administrative proceeding.

s/Mark J. Ingber
Mark J. Ingber, Esq.