UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRIDENT GROUP, LLC,** : | |
| **Plaintiff,** : | Civ. No. 2:14-2515 (KM) (MCA) |
| v. : | |
| **STARBUZZ TOBACCO, INC,,** : | **MEMORANDUM and ORDER** |
| **Defendant.** : | |

**KEVIN MCNULTY, U.S.D.J.:**

On August 1, 2014, the plaintiff filed an affidavit of service of the original summons and complaint. (ECF No. 5). On September 2, 2014, the defendant moved to dismiss the complaint for insufficient service of process. (ECF No. 9). On September 19, 2014, the plaintiff filed an amended complaint, but did not not serve it in accordance with Rule 4, Fed. R. Civ. P. (ECF No. 12).

On October 2, 2014, I entered an order (ECF 20) requiring plaintiff to select one of the following options:

(1) Plaintiff will serve the amended complaint in accordance with Rule 4, Fed. R. Civ. P. If plaintiff chooses this option, defendant's deadline to answer or move in response will run from the date of service of the amended complaint.

(2) Plaintiff will rely on the service of the original complaint to invoke the jurisdiction of the court. If plaintiff chooses option (2), I will restore the motion to dismiss (ECF No. 9) to the calendar. Plaintiff will be permitted to file a response to the motion to dismiss on or before October 14, 2014, and any reply shall be filed on or before October 21, 2014.

Instead, Plaintiff's counsel has filed a letter, dated October 3, 2014 (ECF 21). The letter quibbles that the amended complaint was not filed in "response" to the motion to dismiss; the amended complaint, he says, merely corrected certain corporate information, leaving the substance intact. Somewhat inconsistently, the letter argues that the amendment was permitted as a matter of course, because it occurred within 21 days after the filing of a motion to

1

dismiss under Rule 12(b). *See* Fed. R. Civ. P. 15(a)(1)(B). The issue, however, is not whether the amendment was permitted; the issue is whether there has ever been proper service.

The initial complaint, with summons, must be served in accordance with Rule 4. After the jurisdiction of the court has been properly invoked, subsequent papers may be served by any of the means authorized by Fed. R. Civ. P. 5 and Local Rule 5.1, including electronic filing and dissemination via the CM/ECF system, Local Rule 5.2. That does not imply that improper service of the original summons and complaint is *cured* by the filing (without Rule 4 service) of an amended complaint.

The sufficiency of service of the summons and complaint has been placed in dispute by the motion to dismiss for insufficient service of process (ECF 9). *Some* pleading must have been served in accordance with Rule 4 in order for the case to continue. Plaintiff has opted to rely on service of the original complaint. ECF 21 p. 2 ("Given that Plaintiff properly served the original Complaint…") The motion to dismiss for insufficient service of process, then, is not moot.

I am restoring the motion to dismiss (ECF 9) to the calendar. No extensions of the motion deadlines previously set will be granted, absent extraordinary circumstances.

**ORDER**

IT IS THEREFORE this 6th day of October, 2014

ORDERED as follows:

1. The clerk shall restore the motion to dismiss this action based on insufficient service of process (ECF 9) to the calendar.

2. Plaintiff shall respond to the motion by October 14, 2014. Any reply shall be filed by October 21, 2014.

_____
**KEVIN MCNULTY**
**United States District Judge**